**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 29, 2011

Lyle W. Cayce
Clerk

No. 10-11015
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTOPHER J. ABBATE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-29-1

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Christopher J. Abbate appeals from his conviction of possession of child pornography. He argues that the district court imposed a substantively unreasonable sentence by varying from his 78-97 month advisory guideline sentencing range to the maximum statutory sentence of 120 months of imprisonment. He also challenges as substantively unreasonable the life term of supervised release imposed by the district court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The appellant's brief articulates the factors listed at § 3553(a), then contends that Abbate's sentence was longer than necessary to achieve these factors because of his military service; because his offense did not involve the actual distribution of pornography; because the only evidence of criminal conduct during his life were the images underlying his criminal offense and the statements of his former girlfriend to investigators; because evidence presented at sentencing suggested that his former girlfriend lied about when she became sexually active with him and when she became pregnant; and because he is a loving father who worked to provide for his children.

Abbate's arguments based on *United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010), are raised for the first time on appeal. Those arguments are reviewed under the plain error standard. *See United States v. Magwood,* 445 F.3d 826, 828 (5th Cir. 2006). To establish plain error, a defendant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States,* 129 S. Ct. 1423, 1429 (2009). If the defendant makes such a showing, this court has the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Reliance on *Dorvee* is misplaced. We will not second-guess a district court's sentencing decision on the basis that a particular guideline may not be empirically based. *United States v. Mondragon-Santiago,* 564 F.3d 357, 367 (5th Cir. 2009).

Defense counsel did not place his sentencing memorandum or its supporting documents into the record when given the opportunity to do so by the district court. Abbate has failed to satisfy his burden of ensuring that this court has a record sufficient to consider any of those materials, *see United States v. Dunham Concrete Prods., Inc.,* 475 F.2d 1241, 1251 (5th Cir. 1973), including any evidence in those materials that might have called into question his former girlfriend's credibility. Moreover, the district court did not state that Abbate's relationship with his former girlfriend had any effect on the sentence.

The district court varied upward to 120 months of imprisonment from a 78-97 month guideline range. The court expressed concern that Abbate was not a typical pornography defendant, as he had been viewing child pornography for 10 years and had a collection of 20,000 images of minors of all ages. The images described in the presentence report showed children as victims of violent adult sexual conduct and as participants in bestiality. The district court thus addressed in detail Abbate's history and characteristics and the seriousness of his offense. The district court stated that the 120-month sentence would protect the public from further crimes that Abbate might commit. The district court did not provide a detailed explanation about how the public would be protected, but the record indicates that Abbate was a dedicated consumer of images depicting the extreme sexual exploitation of children.

The explanation for the variance was consistent with 18 U.S.C. § 3553(a). *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). Moreover, the same reasons provided for the variance justified the degree of the variance. Abbate's sentence of imprisonment was 23 months higher than the high end of the guideline sentencing range. He possessed a very large amount of extremely violent, exploitative child pornography; in some of the video images, screaming could be heard. The imposition of the statutory maximum prison sentence on Abbate was reasonable and was not an abuse of discretion. *See United States. v. Cisneros-Gutierrez,* 517 F.3d 751 764 (5th Cir. 2008).

A sentence within a properly calculated guideline sentencing range is entitled to a rebuttable presumption of reasonableness on appellate review. *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Abbate's sentence to a life term of supervised release was recommended by the Guidelines, *see* § 5D1.2(b)(2), p.s., and is presumptively reasonable. *See Gomez-Herrera,* 523 F.3d at 565-66. Abbate has presented no arguments rebutting the presumption of reasonableness given to his sentence of supervised release.

AFFIRMED.